United States Bankruptcy Court
District of Maryland

In re:                                                                    Case No. 14-20507-WIL
Luffon B Berry                                                            Chapter 13
Viola E Berry
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0416-0          User: jwhitfiel          Page 1 of 1          Date Rcvd: Jul 02, 2014
                              Form ID: pdfall          Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 04, 2014.
```
db/db        +Luffon B Berry,   Viola E Berry,   203 Woodgreen Circle,   Fort Washington, MD 20744-6405
28797508    ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
              (address filed with court: Capital One Bank,    PO Box 85015,   Richmond, VA 23285-5015)
28798174     +Comptroller of the Treasury,   Compliance Division, Room 409,   301 W. Preston Street,
               Baltimore, MD 21201-2305
28797509     +Dress Barn,   PO Box 182789,   Columbus, OH 43218-2789
28797503      Equifax,   PO Box 105216,   Atlanta, GA 30348-5216
28797504     +Experian,   PO Box 9701,   Allen, TX 75013-9701
28797510     +Honda Financial Services,   PO Box 49070,   Charlotte, NC 28277-1007
28797512     +Laquita Carrington,   2706 Rusombe Lane,   Baltimore, MD 21215-6511
28797514      Navy FCU,   PO Box 3302,   Merrifield, VA 22119-3302
28798175      Prince George's County,   Treasurer Division,   Room 1090,   Upper Marlboro, MD 20772
28797516      Sears,   PO Box 6275,   Sioux Falls, SD 57117-6275
28797502     +State of Maryland,   Comptroller of the Currency,   Compliance Division, Room 409,
               301 West Preston Street,   Baltimore, MD 21201-2305
28798176     +State of Maryland DLLR,   Division of Unemployment Insurance,   1100 N. Eutaw Street, Room 401,
               Baltimore, MD 21201-2201
28797517     +SunTrust Mortgage,   PO Box 85526,   Richmond, VA 23285-5526
28797518     +Title Max,   6198-C Arlington Blvd,   Falls Church, VA 22044-2939
28797505      TransUnion Consumer Solutions,   PO Box 2000,   Crum Lynne, PA 19022
28797519     +Vistana Villas Sheraton,   9002 San Marco Ct.,   Orlando, FL 32819-8600
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
28797513      E-mail/Text: BankruptcyNotices@aafes.com Jul 02 2014 20:01:08     Military Star,   PO Box 78731,
               Phoenix, AZ 85062
28797507      E-mail/Text: BankruptcyNotices@aafes.com Jul 02 2014 20:01:08     AAFES,   PO Box 4692,
               Carol Stream, IL 60197-4692
28797506     +Fax: 602-659-2196 Jul 02 2014 20:12:23     Chex System, Inc.,   Attn: Consumer Relations,
               7805 Hudson Road, Suite 100,   Saint Paul, MN 55125-1595
28797501      E-mail/Text: cio.bncmail@irs.gov Jul 02 2014 20:01:11     Internal Revenue Service,
               Centralized Insolvency Operation,   PO Box 7346,   Philadelphia, PA 19101-7346
28797511      E-mail/PDF: gecsedi@recoverycorp.com Jul 02 2014 20:09:25     JCPenny Credit Services,
               PO Box 981131,   El Paso, TX 79998-1131
28797515      E-mail/PDF: pa_dc_claims@navient.com Jul 02 2014 20:11:02     Sallie Mae Servicing Corporation,
               PO Box 9500,   Wilkes Barre, PA 18773-9500
                                                                                             TOTAL: 6

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 04, 2014                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 1, 2014 at the address(es) listed below:
              Brett    Weiss    brett@bankruptcylawmaryland.com,    brettecf@gmail.com,jackie@brettweiss.com
                                                                                             TOTAL: 1

**APPENDIX A**

## United States Bankruptcy Court
### District of Maryland

In re  **Luffon B Berry**
**Viola E Berry**
Debtor(s)

Case No.
Chapter **13**

## CHAPTER 13 PLAN

■ Original Plan   ☐ Amended Plan   ☐ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

   a. $ **465.00** per month for a term of **60** months. OR

   b. $____ per month for ____ month(s),
      $____ per month for ____ month(s),
      $____ per month for ____ month(s), for a total term of ____ months. OR

   c. $____ per month prior to confirmation of this plan, and $____ per month after confirmation of this plan, for a total term of ____ month(s),

2. From the payments received, the Trustee will make the disbursements in the order described below:
   a. Allowed unsecured claims for domestic support obligations and trustee commissions.
   b. Administrative claims under 11 U.S.C. §507(a)(1), including attorney's fee balance of $ **2,000.00** (unless allowed for a different amount upon prior or subsequent objection). Attorney Fees are in accordance with Appendix F of the Local Bankruptcy Rules or a different amount allowed by an order of the Court.
   c. Claims payable under 11 U.S.C. § 1326(b)(3). Specify the monthly payment: $ **0.00** .
   d. Other priority claims defined by 11 U.S.C. § 507(a)(3) - (10). The Debtor anticipates the following claims:

| Claimant | Amount of Claim |
|---|---|
| -NONE- | |

   e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

   i. Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| -NONE- | | |

   ii. Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| Honda Financial Services | 805.36 | 14.38 | 56 |
| SunTrust Mortgage | 20,000.00 | 357.14 | 56 |

**Local Bankruptcy Form M**
Ver.09.11

   iii. The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|
| **Title Max** | **2,365.34** | **0.00%** | **42.24** | **56** |

   iv. The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

| Claimant | Amount of Claim | Description of Collateral |
|---|---|---|
| **-NONE-** | | |

   v. The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

| Claimant |
|---|
| **-NONE-** |

   vi. If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

   vii. In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

  f. After payment of priority and secured claims, the balance of funds will be paid pro rata on allowed general, unsecured claims.  (If there is more than one class of unsecured claims, describe each class.)

3. The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

| Claimant | Asserted Value | Description of Property |
|---|---|---|
| **Navy FCU** | **0.00** | **203 Woodgreen Circle**<br>**Fort Washington, Maryland 20744** |

4. Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case.  For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5. Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6. The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

| Other Party | Description of Contract or Lease | Assumed or Rejected |
|---|---|---|
| **-NONE-** | | |

7. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.

8. Non-Standard Provisions:

Date **July 1, 2014**     Signature **/s/ Luffon B Berry**
**Luffon B Berry**
Debtor

Date **July 1, 2014**     Signature **/s/ Viola E Berry**
**Viola E Berry**
Joint Debtor

Attorney **/s/ Brett Weiss**
**Brett Weiss 02980**

# United States Bankruptcy Court
**District of Maryland**

In re: **Luffon B Berry / Viola E Berry**, Debtor(s)

Case No.
Chapter **13**

## PRE-CONFIRMATION CERTIFICATION

Debtor(s) hereby certify under penalty of perjury that the following statements are true and correct:

1. Debtor(s) has/have paid any fee, charge, amount required under Sec. 1930 of title 28, U.S.C, or by the plan (i.e. adequate protection payments) to be paid before confirmation.

2. Debtor(s) has/have paid all amounts that are required under a domestic support obligation and that first became payable after the date of the filing of the petition, if applicable.

3. Debtor(s) has/have filed all applicable Federal, State, and Local tax returns with the appropriate taxing authorities for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

Debtor(s) affirm that the plan is proposed in accordance with 11 U.S.C §1325 and request said plan be confirmed.

Date **July 1, 2014**   Signature   **/s/ Luffon B Berry**
**Luffon B Berry**
Debtor

Date **July 1, 2014**   Signature   **/s/ Viola E Berry**
**Viola E Berry**
Joint Debtor